UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JERRY SILLS, as next of kin to <br> JEFFREY THOMAS SILLS, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CORRECTIONS CORPORATION OF <br> AMERICA, and unnamed JOHN <br> DOES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. _____ <br> ) JURY DEMAND <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Comes now the Plaintiff, by and through his attorneys of record, and for his Complaint against the above-named Defendants, alleges as follows:

### NATURE OF THE CASE

1.1   This action arises under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution; and under federal law, specifically, the Civil Rights Act of 1964 as (amended), 42 U.S.C.A § 1983 *et seq.* for violations of the Constitutional Rights of the decedent, Jeffrey Thomas Sills.

### JURISDICTION AND VENUE

2.1   This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C.A. § 1331 (Federal Question) and 1343 (Civil Rights), as well as 42 U.S.C.A § 1983.

2.2   Venue of this action is proper pursuant to 28 U.S.C.A. 1391(b) in that the events giving rise to the action occurred in the Middle District of Tennessee.

## PARTIES

3.1     Plaintiff, Jerry Sills, is the surviving brother of Jeffrey Thomas Sills, deceased, and is the next of kin to Jeffrey Thomas Sills, pursuant to Tennessee Code Annotated sections 20-5-106(a) and 20-5-107(a). Jeffrey Thomas Sills died intestate while incarcerated in Wayne County, Tennessee, and, at all times relevant to this action, was a citizen and resident of the State of Tennessee.

3.2     The defendant, Corrections Corporation of America, (hereinafter referred to as "CCA") is a foreign, for profit corporation, organized in the state of Maryland, doing business in the State of Tennessee as a private entity managing a state correctional facility, namely South Central Correctional Facility, Clifton, Wayne County, Tennessee, with limited direct supervision by the State of Tennessee and may be served with process through its registered agent CT Corporation System, 800 Gay Street Suite 2021 Knoxville, Tennessee 37929.

3.3     The John Doe Defendants are unknown employees and/or agents of CCA, and as such, at all times relevant to this Complaint were acting under color of state law, and are sued for their failure to perform, neglect of, and deliberate indifference to their duties as employees and/or agents of CCA. When the identities of Defendants John Does or any of them become known to Plaintiff or his counsel, Plaintiff will amend this Complaint accordingly.

3.4     In doing the acts alleged in this Complaint, Defendants were at all times acting within the scope of their employment and/or agency and under color of state law.

## FACTS

4.1     On or about the 28th day of March, 2014, Jeffrey Thomas Sills was incarcerated at South Central Correctional Facility.

4.2 At the time that Mr. Sills was at the South Central Correction Facility, it was managed by CCA.

4.3 CCA made known their intention to house inmate Travis Bess with Mr. Sills.

4.4 Inmate Bess was a known member of the Aryan Brotherhood.

4.5 Prior to being housed together, inmate Bess stated his intent to murder Mr. Sills.

4.6 Mr. Sills was aware of the threat and made a request to CCA to be placed in protective custody.

4.7 CCA was actually aware of the threat to Mr. Sill's life before placing inmate Bess and Mr. Sills in the same cell.

4.8 CCA deliberately ignored the threat to Mr. Sills's life and placed inmate Bess and Mr. Sills in the same cell.

4.9 After being placed in the same cell, inmate Bess beat, tortured, stabbed, cut, and strangled Mr. Sills until he died from his injuries and wounds.

4.10 Defendant CCA was responsible for the safety and well-being of Mr. Sills and to protect him from harm from other inmates.

4.11 Defendant CCA was responsible for the training of all staff and correctional officers in the proper performance of their duties.

4.12 Upon information and belief, Defendant John Does were trained by Defendant CCA in accordance with statutes, ordinances and regulations of the State of Tennessee as well as the policies and/or customs and usages of CCA.

4.13 Defendant CCA was responsible for the customs, policies, procedures and practices implemented through its various agencies, departments and employees, including but not limited to, the policies and practices used and the training received by employees at South

3
Case 1:15-cv-00026   Document 1   Filed 03/27/15   Page 3 of 7 PageID #: 3

Central Correctional Facility in exercising the powers granted them by the laws of the State of Tennessee.

4.14    Placing Mr. Sills in the same cell with inmate Bess created a condition of confinement which subjected Mr. Sills to the unnecessary and wanton infliction of pain and death at the hands of another inmate.

4.15    Defendant CCA, being aware of the threat to Mr. Sills by inmate Bess, deliberately ignored that threat and placed Mr. Sills at risk of serious bodily injury and death.

4.16    Defendant CCA failed to protect Mr. Sills from a known and serious threat to Mr. Sills's life.

4.17    Tennessee Department of Correction's policies and procedures require that any correctional facility, including privately managed facilities, provide protective services to any inmate who is in danger of harm from other inmates.

4.18    Defendant CCA deliberately disregarded state policies and procedures to provide protective services to Mr. Sills.

4.19    Defendant CCA had a policy or custom of disregarding the State mandated policy regarding protective services of inmates.

4.20    It was the policy of CCA to deny requests made by more vulnerable inmates for protective services regarding cell assignments when the risk of harm to the inmate was apparent to CCA.

4.21    Defendant CCA's implementation of this policy or custom created a cruel condition of confinement for Mr. Sills.

4
Case 1:15-cv-00026   Document 1   Filed 03/27/15   Page 4 of 7 PageID #: 4

## COUNT I
### (FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS VIOLATION OF 42 U.S.C.A. §1983 – WRONGFUL DEATH)

5.1 The conduct of the Defendants as described above deprived Jeffrey Thomas Sills of his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution.

5.2 The conduct of the Defendants as described above was so outrageous that it shocks the conscience so as to violate Mr. Sill's substantive due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

5.3 Pursuant to statute, the Defendants are liable to Plaintiff for special and general compensatory damages including, but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

5.4 As a direct and proximate result of the violation of Mr. Sill's constitutional rights; Mr. Sills suffered significant physical, emotional, and economic damages, more fully described later in this complaint.

## DAMAGES

6.1 As a direct and proximate result of the conduct of the Defendants as described above, Jeffrey Thomas Sills experienced extreme emotional and physical pain and suffering from the beginning of the torture until his death.

6.2     As a direct and proximate result of the conduct of the Defendants as described above, Jeffrey Thomas Sills experienced extreme mental anguish, humiliation, pain, suffering and loss of life.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against the Defendants, and each of them, jointly and severally, as follows:

1.     That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2.     That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law to compensate Plaintiff for damages caused by the violation of Jeffrey Thomas Sills's constitutional rights, including his physical and emotional pain and suffering, the loss of his life, and the loss of his consortium.

3.     That the Plaintiff be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;

4.     That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre- and post judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

5.     That Plaintiff be granted such other, further, and general relief as to which he is entitled.

Respectfully Submitted,

BULLOCK, FLY, HORNSBY & EVANS

_____
LUKE A. EVANS, BPR #23620
Attorney for Plaintiff
302 North Spring St.
P.O. Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
lukeevans@bfhelaw.com


THE BRUNO FIRM

_____
PAUL BRUNO, BPR #17275
Attorney for Plaintiff
5115 Maryland Way
First Floor
Brentwood, TN 37027
(615) 251-9500
paulbruno@thebrunofirm.com